**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JACK MILLER,

    Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

**PARTIES**

7. Plaintiff Jack Miller is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant LVNV Funding, LLC, is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to World Financial Network National Bank (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. After the Account went into default with the original creditor the Defendant alleges that it purchased the Account.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s), representative(s) and/or agent(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s), representative(s) and/or agent(s).

27. In the year prior to the filing of the instant action the Defendant placed the Account for collection from the Plaintiff with Source Receivables Management, LLC, a collection agency located at 4615 Dundas Drive, Suite 102, Greensboro, North Carolina, 27407.

28. The Defendant has derivative liability for the actions of its agent - Source Receivables Management, LLC.

29. In the year prior to the filing of the instant action the Defendant attempted to collect the Account directly and/or indirectly from the Plaintiff via its agent - Source Receivables Management, LLC.

30. In 2012 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

31. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Source Receivables Management, LLC made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

32. In 2012 the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Source Receivables Management, LLC.

33. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

34. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

35. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

36. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Source Receivables Management, LLC made telephone call(s) to the Plaintiff was to attempt to collect the Account.

37. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Source Receivables Management, LLC had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

38. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Source Receivables Management, LLC received telephone call(s) from the Plaintiff was to attempt to collect the Account.

39. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Source Receivables Management, LLC left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

40. In the year prior to the filing of the instant action the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including Source Receivables Management, LLC while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

41. The Defendant's representations stated in paragraph 40 were false and were false representations in connection with the collection of a debt, the Account.

42. During the communication(s) the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including Source Receivables Management, LLC while attempting to collect the Account represented to the Plaintiff that to dispute the Account he had to send a letter to the Defendant with a reason for his dispute of the Account.

43. The Defendant's representations stated in paragraph 42 were false and were false representations in connection with the collection of a debt, the Account.

44. Upon information and belief the Defendant and/or its agent Source Receivables Management, LLC kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

45. Upon information and belief the Defendant and/or its agent Source Receivables Management, LLC kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

46. Upon information and belief the Defendant and/or its agent Source Receivables Management, LLC made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

47. Upon information and belief the Defendant and/or its agent Source Receivables Management, LLC made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

48. Upon information and belief the Defendant and/or its agent Source Receivables Management, LLC has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

49. Upon information and belief the Defendant and/or its agent Source Receivables Management, LLC has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

50. Upon information and belief the Defendant and/or its agent International Asset Group, LLC's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

51. The Defendant and its representative(s), employee(s) and / or agent(s) including Source Receivables Management, LLC's statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

52. The Defendant and its representative(s), employee(s) and / or agent(s) including Source Receivables Management, LLC's statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

53. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

54. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

55. As a consequence of the Defendant's and its agent Source Receivables Management, LLC's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **RESPONDEAT SUPERIOR**

56. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

57. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

58. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

59. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

60. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

61. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

62. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

63. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **RESPONDEAT SUPERIOR**

64. Source Receivables Management, LLC was an agent of the Defendant at all times mentioned herein.

65. Source Receivables Management, LLC was acting within the course of its employment with the Defendant at all times mentioned herein.

66. Source Receivables Management, LLC was acting within the scope of its employment with the Defendant at all times mentioned herein.

67. Source Receivables Management, LLC was under the direct supervision of the Defendant at all times mentioned herein.

68. Source Receivables Management, LLC was under the direct control of the Defendant at all times mentioned herein.

69. The actions of Source Receivables Management, LLC are imputed to its employer, the Defendant.

70. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **COUNT I, FDCPA VIOLATION**

71. The previous paragraphs are incorporated into this Count as if set forth in full.

72. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

73. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff